2014 UT App 235

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF F.S.B., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

F.S.B.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140543-CA
Filed October 2, 2014

Third District Juvenile Court, Salt Lake Department
The Honorable C. Dane Nolan
No. 546320

Monica Maio and William Russell, Attorneys
for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE. JUDGE STEPHEN L. ROTH concurs in the result.

PER CURIAM:

¶1      F.S.B., a minor, appeals from the juvenile court's order
denying his motion to quash a contempt warrant. However, that
order also dismissed the contempt charge and terminated the
juvenile court's jurisdiction. This matter is before the court on its
own motion for summary disposition on the basis that the issues
raised in the appeal are moot.

¶2 On appeal, F.S.B. asserts that the juvenile court erred in denying his motion to quash because "the arrest warrant and supporting affidavit contained only broad and vague assertions and lacked sufficient facts to support a probable cause determination that F.S.B. had violated a court order." F.S.B. acknowledges that this issue is technically moot because the contempt charge was dismissed. *See Barnett v. Adams*, 2012 UT App 6, ¶ 4, 273 P.3d 378 (stating that a case is moot if judicial relief cannot affect the rights of the litigants). However, F.S.B. argues that we should resolve the issue presented because it falls within the public interest exception to the mootness doctrine. The public interest exception "arises when the case (1) presents an issue that affects the public interest, (2) is likely to recur, and (3) because of the brief time that any one litigant is affected, is capable of evading review." *Id.* ¶ 10 (citation and internal quotation marks omitted). F.S.B. fails to meet his burden in demonstrating that the public interest exception applies to the facts of this case.

¶3 F.S.B. claims that under the particular facts of this case, there was insufficient evidence to support the issuance of a contempt warrant. Such inherently factual questions generally do not lend themselves to the application of the public interest exception. *See Mortenson v. Turley*, 2009 UT App 67U, para. 5 n.3 (noting that the public interest exception did not apply to a party's mooted appeal of the juvenile court's dismissal of a child protective order petition because the "factual determination" underlying the denial of the petition did not "fall[ ] within the exception to the mootness doctrine"). Issues that involve numerous facts and contingencies are unlikely to recur. Here, F.S.B. has failed to demonstrate that the factual scenario that led to the issuance of the contempt warrant is likely to recur. Further, F.S.B. has failed to adequately demonstrate why such a claim is capable of evading review. Accordingly, the issue raised in this case does not fall within the public interest exception to the mootness doctrine.

¶4 The appeal is dismissed as moot.

————